IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry A Nichols,<br><br>   Petitioner,<br><br>v.<br><br>Unknown Party, *named as Warden*,<br><br>   Respondent. | No. cv-12-666-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the Court is a Petition for Writ of Habeas Corpus ("Habeas Petition") brought pursuant to Title 28, United States Code, Section 2241. (Doc. 1). Petitioner, Larry Nichols, while confined in the Federal Correctional Institution in Tucson, Arizona, alleged the Bureau of Prisons ("BOP") violated his due process rights by removing him from a halfway house and placing him again at FCI-Tucson. (Doc. 1, p. 4).[1] Respondent answered the Habeas Petition, contesting Petitioner's claim. (Doc. 9). Respondent subsequently filed a Motion to Dismiss the case for mootness because Petitioner was released from BOP custody. (Doc. 10). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Pyle for a Report and Recommendation. LR Civ 72.1.

---

[1] The Magistrate Judge cites to the pagination of the Court's CM/ECF case management system.

**Background**

At the time he filed his Habeas Petition, Petitioner was completing a 100-month sentence followed by a three-year term of supervised release for a conviction of possessing a shortened shotgun. (Doc. 9-3, p. 1). Prior to filing his Habeas Petition, Petitioner had been residing in a Residential Reentry Center ("RRC"). (Doc. 9-2, pp. 1-2). While at the RRC, it was discovered that Petitioner may have been having an inappropriate relationship with an RRC employee. (Doc. 9-1, pp. 2-3). Because of the potential relationship Petitioner was removed from RRC placement and transferred back to FCI-Tucson. (Doc. 9-2, pp. 1-2). The RRC employee resigned and the investigation into the possible relationship remained open for further review by the Office of Internal Affairs. (Doc. 9-1, p. 3). Petitioner was released from the custody of BOP per his good conduct time on November 14, 2012. (Doc. 10-1, p. 2).

In his Habeas Petition, Petitioner argued BOP violated his due process rights by removing him from his RRC placement and transferring him back to FCI-Tucson without a disciplinary hearing. (Doc. 1, pp. 4-5). Petitioner brought this same claim to the attention of BOP by filing a Request for Administrative Remedy with the Warden at FCI-Tucson. (Doc. 9-5, pp. 5-6). It does not appear Petitioner filed an appeal with the Regional Office and the Central Office as required for exhaustion. The Court need not reach the issue of exhaustion as Petitioner was released from custody in November 2012 and his claim is now moot.

**Mootness**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir.1999) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 (9th Cir.1998)); *see also* U.S. Const. Art. III, § 2, cl. 1. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir.2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks

omitted)). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id*. If there is no longer any possibility that relief can be obtained for a claim, that claim is moot and must be dismissed for lack of jurisdiction. *Id*. (internal citation omitted).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody," and that is the only relief a court has the power to grant. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir.1991) (internal citation omitted). Thus, when a habeas petitioner has been released from the confinement of which he complains, the petition must be dismissed as moot because the court can no longer provide the requested relief. *Id*. at 776 (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody); *Munoz v. Rowland*, 104 F.3d 1096, 1097-1098 (9th Cir.1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable).

Petitioner's request for relief is review of BOP's decision to transfer Petitioner back to FCI-Tucson without a disciplinary hearing. Ultimately, Petitioner seeks relief from BOP's confinement of him in FCI-Tucson. Petitioner was released from the custody of BOP per his good conduct time on November 14, 2012. (Doc. 10-1, p. 2). The relief Petitioner sought in his Habeas Petition is now unavailable to him and not necessary as he is released from custody.

Because Petitioner was released from custody, this Court can no longer provide him with the relief sought in his Habeas Petition. Even if this Court reviewed Petitioner's arguments and found in his favor, it would be unable to afford him any effective relief as a result of his release from custody. Additionally, because no reasonable expectation exists that Petitioner will again be subjected to this same set of circumstances, "[t]his is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir.1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir.1987)). Therefore, the Court finds that the claim is moot and must be dismissed for lack of jurisdiction. *Foster*, 347 F.3d at 745.

**Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1) and GRANT Respondent's Motion to Dismiss (Doc. 10).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 12-666-TUC-DCB**.

Dated this 4th day of December, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE